UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>           Plaintiff,<br><br>      v.<br><br>KOHANBASH CENTURY PLAZA, LLC,<br>a California Limited Liability Company;<br>JOSE CARDENAS;<br>MONICA SAAVEDRA; and<br>MARCO A. NAJERA,<br><br>           Defendants. | No. 2:15-cv-2484-KJM-EFB<br><br><br>ORDER |

          Plaintiff Scott Johnson brings this action against defendants Kohanbash Century Plaza, LLC ("Kohanbash"), Jose Cardenas, Monica Saavedra and Marco A. Najera, alleging that two businesses, Tocumbo #2 ("Tocumbo") and Tierra Caliente Restaurant Y Taqueria ("Tierra Caliente"), contain barriers to access in violation of the Americans with Disabilities Act ("ADA"). Compl., ECF No 1. Plaintiff seeks injunctive relief under the ADA and statutory damages under California's Unruh Civil Rights Act ("Unruh Act"). Plaintiff moves for summary judgment. Mot., ECF No. 34; Mem., ECF No. 34-1. In response, defendants filed a statement of non-opposition. ECF No. 37. The court submitted the motion without a hearing. As explained below, the court GRANTS plaintiff's motion.

///

1

I.  BACKGROUND

   A.  Factual Background

Plaintiff filed a statement of undisputed facts. *See* ECF No. 34-2. Defendants neither filed a statement of alternative facts nor responded specifically to plaintiff's statement of facts. The court treats each listed fact as undisputed unless otherwise stated.

Plaintiff is a quadriplegic. Johnson Decl. ¶ 2, ECF No. 34-6. He cannot walk and has significant manual dexterity impairments. *Id.* Plaintiff uses a wheelchair for mobility and drives a specially equipped van with a lift that deploys from the passenger side of the van to accommodate his wheelchair. *Id.* On November 21, 2014, December 4, 2014, December 17, 2014, January 19, 2015 and October 22, 2015, plaintiff visited and purchased food at Tocumbo, an ice cream shop, and Tierra Caliente, a restaurant, both located in Stockton, California. *Id.* ¶¶ 4, 24; Johnson Receipts, ECF Nos. 34-7, 34-8. Defendant Jose Cardenas was the owner and operator of Tocumbo in November and December 2014, and defendant Monica Saavedra has been the owner and operator of Tocumbo since January 2015. Pl.'s Statement of Undisputed Facts ("SUF") ¶¶ 6–7. Defendant Marco A. Najera is the owner and operator of Tierra Caliente. *Id.* ¶ 8. Both restaurants operate on real property owned by defendant Kohanbash. *Id.* ¶ 5.

According to plaintiff, on each of his visits to Tocumbo and Tierra Caliente, defendants did not provide and maintain van-accessible parking for persons with disabilities as required by the ADA. Johnson Decl. ¶¶ 6, 27. Specifically, the parking stalls and access aisles for use by persons with disabilities were not level with each other, resulting in slopes and cross slopes, which plaintiff asserts cause his wheelchair to tip in different directions and make it difficult to exit his van safely. *Id.* ¶¶ 7–10, 28–31. Because he determined he could not safely park in the designated van-accessible parking at Tocumbo and Tierra Caliente, plaintiff had to park in a non-disabled parking space and leave his van lift deployed to avoid getting his van blocked by a neighboring car. *Id.* ¶¶ 11, 32.

When plaintiff parked and exited his vehicle, he found the paths of travel from the parking lot to the entrances of Tocumbo and Tierra Caliente were too narrow to navigate with his wheelchair. *Id.* ¶¶ 13, 34. Additionally, the path of travel from the parking lot to the entrance of

Tocumbo provided a hinge-side approach to an outward-opening swinging door, which did not provide the required width for wheelchair users. *Id.* ¶ 14. Once inside Tocumbo and Tierra Caliente, plaintiff discovered the transaction counters were too high for him to use independently and neither business provided a lowered counter. *Id.* ¶¶ 15–16, 35–36.

Plaintiff also claims he encountered barriers to access when he attempted to use the restroom at both Tocumbo and Tierra Caliente. *Id.* ¶¶ 17–23, 37–40. At Tocumbo, plaintiff had difficulty reaching the restroom because the path of travel was too narrow for him to navigate with his wheelchair. *Id.* ¶ 17. When plaintiff attempted to open the restroom door at Tocumbo, he discovered that the door hardware was a traditional-style knob requiring tight grasping and twisting of the wrist to operate, which is difficult for plaintiff because of his manual dexterity issues. *Id.* ¶¶ 19–20. Inside the restroom, plaintiff found the mirror on the wall and the sink were mounted too high for him to see his reflection and easily wash his hands. *Id.* ¶¶ 21–23. At Tierra Caliente, the restroom doorway's clear passage width was not wide enough for plaintiff's wheelchair and the wall mirror was mounted too high for plaintiff to see his reflection. *Id.* ¶¶ 38–39. Finally, at both Tocumbo and Tierra Caliente the restrooms did not display the International Symbol of Accessibility. *Id.* ¶¶ 18, 40. Plaintiff says that all of these access barriers at both businesses caused him "difficulty, discomfort, and frustration." *Id.* ¶ 41.

An investigator hired by plaintiff, Jon Meyers, visited Tocumbo and Tierra Caliente on February 27, 2015. Gunderson Decl. ¶¶ 8–9, ECF No. 34-5; Meyers Notes Tocumbo, ECF No. 34-17; Meyers Notes Tierra Caliente, ECF No. 34-18. Meyers measured the transaction counter at Tocumbo to be forty-one inches high and the transaction counter at Tierra Caliente to be forty-two inches high. Meyers Notes Tocumbo; Meyers Notes Tierra Caliente. In the restroom at Tocumbo, Meyers measured the height of the bottom edge of the mirror to be fifty-one inches above the floor and the height of the sink to be thirty-six inches above the floor. Meyers Notes Tocumbo. Meyers measured the height of the bottom edge of the mirror in the restroom at Tierra Caliente to be forty-nine inches above the floor. Meyers Notes Tierra Caliente. He found the width of the restroom door there to be thirty-four inches. *Id.*

On June 5, 2018, Gary Waters, plaintiff's expert, conducted a site inspection of Tocumbo and Tierra Caliente. Waters Decl. ¶¶ 5–9, ECF No. 34-11. Mr. Waters's September 17, 2018 report concluded that several access violations exist at Tocumbo and Tierra Caliente, including noncompliant accessible parking due to excessive slopes and inappropriate signage and access aisle marking, as well as inaccessible exterior paths of travel due to insufficient width and excessive slopes. Waters Report at 4–9, ECF No. 34-12.

Plaintiff indicates he has visited Stockton to shop, eat and stay overnight on a number of occasions over the past two years and plans to continue to do so in the future. Johnson Decl. ¶ 46. Tocumbo and Tierra Caliente are conveniently located for him and he enjoys eating the food served at both establishments. *Id.* ¶ 47. Plaintiff says he would like to patronize Tocumbo and Tierra Caliente in the future, when the violations have been remedied. *Id.* ¶ 48.

B.    Procedural Background

Plaintiff filed this action on December 1, 2015, asserting claims for violations of the ADA, 42 U.S.C. § 12101, *et seq.*, and the Unruh Act, Cal. Civ. Code §§ 51–53. ECF No. 1. Defendants answered on January 14, 2016. ECF No. 8. Plaintiff filed the instant motion for summary judgment on November 9, 2018. ECF No. 34. Plaintiff seeks injunctive relief ordering defendants to make their businesses readily accessible to and usable by individuals with disabilities to the extent required by the ADA. Mem. at 16–17. He also seeks $8,000 in statutory damages under the Unruh Act, $4,000 each for violations at Tocumbo and Tierra Caliente. *Id.* at 18.

II.    LEGAL STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S.

317, 325 (1986). Then the burden shifts to the nonmovant to show "there is a genuine issue of material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986) (citing Fed. R. Civ. P. 56(e); *First Nat'l Bank of Ariz. V. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show[ ] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1); *see also Matsushita*, 475 U.S. at 586 ("[the nonmovant] must do more than simply show that there is some metaphysical doubt as to the material facts"). Also, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

In deciding summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmovant. *Matsushita*, 475 U.S. at 587–88 (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). "Where the record taken as a whole could not lead a rational trier of fact to find for the [nonmovant], there is no 'genuine issue for trial.'" *Id.* at 587 (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 289).

III. <u>DISCUSSION</u>

Plaintiff moves for summary judgment against all defendants, as the owners, operators or lessees of places of public accommodation, on grounds that Tocumbo and Tierra Caliente are not ADA-compliant, including with respect to the configuration of the disabled parking spaces, the path of travel to the entrances and restrooms, the restrooms and the cashier counters. As noted above, defendants filed a statement of non-opposition to plaintiff's motion for summary judgment. ECF No. 37. A district court, however, may not grant a motion for summary judgment solely because it is unopposed. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). Instead, the court must determine whether the movant has satisfied "its burden of showing its entitlement to judgment." *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994).

    A. <u>ADA Claim</u>

Title III of the ADA prohibits discrimination on the basis of disability by places of public accommodation. 42 U.S.C. § 12182(a). To prevail on a claim under Title III of the ADA,

"a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)).

The third element requires a plaintiff to show "there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Donald v. Cafe Royale*, 218 Cal. App. 3d 168, 183 (1990)). For purposes of Title III, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9). The ADA's antidiscrimination mandate requires that newly constructed facilities, or facilities altered after January 26, 1992, be "readily accessible to and usable by individuals with disabilities." *Id.* § 12183(a)(1)–(2); 28 C.F.R. § 36.402. To satisfy these standards, new construction and alterations must comply with either the 1991 or 2010 ADA Standards of Accessible Design, depending on the date the construction or alterations began. 28 C.F.R. § 36.406. Even minor or technical violations of these access standards are per se violations of the ADA when removal is readily achievable. *Chapman*, 631 F.3d at 945–46. Indeed, the ADA's requirements are as "precise as they are thorough, and the difference between compliance and noncompliance with . . . the ADA is often a matter of inches." *Id.*

The ADA defines a person as disabled if, among other things, the person has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. *Id.* § 12102(2)(A). Thus, because plaintiff is a quadriplegic, Johnson Decl. ¶ 2, he is considered disabled within the meaning of the ADA. Further, as private establishments serving food and drink, Johnson Decl. ¶ 47, Tocumbo and Tierra Caliente are expressly identified under the ADA as places of public accommodation. *See* 42 U.S.C. § 12181(7)(B). Therefore, to the extent the

6

physical layouts of Tocumbo and Tierra Caliente fail the requirements set forth in the ADA Standards, the businesses contain barriers to access in violation of the ADA. *See id.* § 12182(b)(2)(A)(iv).

Plaintiff claims several barriers to access exist at Tocumbo and Tierra Caliente; the court addresses these below in turn. The parties do not address when Tocumbo and Tierra Caliente were constructed or altered, or which set of accessibility standards apply to the barriers plaintiff alleges he encountered at the businesses. Instead, plaintiff asserts the alleged barriers violate both the 1991 and 2010 Standards, and that removal of the barriers is readily achievable. *See* Mem. at 10 n.1, 15–16. Accordingly, plaintiff argues defendants violated the ADA and he is entitled to injunctive relief. Mem. at 16–17.

          1.      <u>Lack of Accessible Parking</u>

Plaintiff asserts defendants violated the ADA by failing to provide level parking spaces for and access aisles to Tocumbo and Tierra Caliente. Mem. at 11. Under § 4.6.3 of the 1991 Standards, "[p]arking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions." Similarly, § 502.4 of the 2010 Standards provides that "[a]ccess aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted." Specifically, under the 2010 Standards, slopes shall not exceed 1:48. *Id.* Here, Mr. Waters's report indicates "[t]he slope exceeds 1:48 at multiple locations throughout the accessible parking space and access aisle; measured up to 8.9%." Waters Report at 7.

Plaintiff also argues defendants did not provide ADA-compliant parking because the bottom edge of the sign marking the accessible parking space is less than sixty inches above the ground. Mem. at 12. Section 502.6 of the 2010 Standards requires the bottom edge of signs identifying accessible parking spaces to be at lease sixty inches above the ground. Mr. Waters measured the bottom edge of the sign at Tocumbo and Tierra Caliente to be fifty inches above the ground. Waters Report at 7.

Additionally, plaintiff contends defendants violated § 502.3.3 of the 2010 ADA Standards by not adhering to California Building Code section 11B-502.3.3 in not marking the perimeter of the access aisle with a blue painted borderline and by allowing diagonal hatch lines

7

marking the aisle to extend beyond the borderline. Mem. at 12. Although § 502.3.3 of the 2010 Standards mandates the access aisles be "clearly marked," it does not specify the "method and color of marking," leaving those specifications to state or local law and regulations. Therefore, this claimed barrier to access relates solely to a violation of the California Building Code and does not establish a violation of the ADA. *See* 42 U.S.C. § 12183(a)(1) (an ADA violation is measured by "regulations issued under this subchapter); *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1066 (E.D. Cal. 2006) (compliance with the ADA Accessibility Guidelines ("ADAAG"), and not another standard, constitutes compliance with ADA requirements). Accordingly, the court finds plaintiff has not met his burden of establishing that defendants' alleged California Building Code violations violate the ADA.

Because defendants do not oppose summary judgment, they offer no evidence to counter plaintiff's claims regarding the lack of ADA-compliant parking. *See* Defs.' Statement of Non-Opp'n, ECF No. 37. Therefore, the record shows no triable issues as to the presence plaintiff's claimed ADA violations based on the lack of accessible parking, except as to the alleged California Building Code section 11B-502.3.3 violations.

### 2. Lack of Accessible Path of Travel

Plaintiff next contends defendants violated the ADA by not providing accessible paths of travel. Mem. at 12–13. Under the ADA, places of public accommodation must provide an accessible path of travel connecting all buildings, facilities, elements and spaces within the same site. 1991 Standards § 4.3.2(2); 2010 Standards § 206.2.2. Places of public accommodation must also provide an accessible route within the boundary of a site from the accessible parking spaces to the accessible building entrance the parking spaces serve. 1991 Standards § 4.3.2(1); 2010 Standards § 206.2.1. To be ADA-compliant, an accessible path of travel must be at least thirty-six inches wide, except at doorways. 1991 Standards § 4.3.3; 2010 Standards § 403.5.1. Further, when the path of travel provides a side approach to the hinge side of an outward-swinging door, the minimum permissible width of the path of travel is either fifty-four or sixty inches, depending on the amount of clearance on the latch side of the door. 1991 Standards § 4.13.6 (Fig. 25); 2010 Standards § 404.2.4.1.

| | |
|---|---|
| 1 | Plaintiff asserts defendants did not provide ADA-compliant paths of travel from |
| 2 | their accessible parking spaces to the entrances of Tocumbo and Tierra Caliente. Mem. at 12–13. |
| 3 | He also argues defendants did not provide an accessible path of travel to the restroom within |
| 4 | Tocumbo. Mem. at 13. In support of the claimed violations at Tocumbo, plaintiff provides only |
| 5 | his declaration, in which he states in imprecise terms that (1) the path of travel from the parking |
| 6 | lot to the entrance "was too narrow for wheelchair users to navigate through it comfortably" and |
| 7 | "provided a hinge-side approach to an outward-opening swinging door that did not provide the |
| 8 | required width for wheelchair users," and (2) he "had difficulty reaching the unisex restroom |
| 9 | because there the path of travel to the restroom was too narrow." Johnson Decl. ¶¶ 13–14, 17. |
| 10 | Regarding the claimed violations at Tierra Caliente, plaintiff provides photographs of the path of |
| 11 | travel without any measurements, Johnson Photos at 15–16, ECF No. 34-9, and his declaration, in |
| 12 | which he states "[t]he path of travel from the parking to Tierra Caliente was narrow in places due |
| 13 | to the existence of manholes on the path of travel," Johnson Decl. ¶ 34. Although plaintiff has |
| 14 | not provided objective and precise measurements to support his conclusory statements, |
| 15 | defendants do not dispute the existence of these violations at Tocumbo and Tierra Caliente. *See* |
| 16 | Defs.' Statement of Non-Opp'n. Therefore, plaintiff is entitled to summary judgment on his |
| 17 | ADA claims for lack of accessible paths of travel if removal of these access barriers is readily |
| 18 | achievable. *See Strong v. Valdez Fine Foods*, 724 F.3d 1042, 1045 (9th Cir. 2013) (finding "even |
| 19 | without precise measurements," a quadriplegic plaintiff's "personal observations, based on his |
| 20 | prolonged experience with ADA-compliant (and non-compliant) access ramps, are enough to |
| 21 | propel him past summary judgment"). |

3. <u>Lack of Accessible Transaction Counters</u>

Plaintiff claims defendants did not provide an accessible transaction counter complying with the ADA's requirements at Tocumbo and Tierra Caliente. Mem. at 13–14. The ADA mandates that counters used for sales or services have a maximum height of thirty-six inches from the floor. 1991 Standards § 7.2(1); 2010 Standards §§ 904.4, 904.4.1. As noted above, according to Meyers, plaintiff's investigator, the transaction counters at Tocumbo and Tierra Caliente measured forty-one inches and forty-two inches high, respectively. Meyers Notes

9

Tocumbo; Meyers Notes Tierra Caliente. Defendants do not dispute that the transaction counters violate the ADA Standards. *See* Defs.' Statement of Non-Opp'n. Accordingly, there is no triable issue as to the existence of these claimed ADA violations.

### 4. Lack of Accessible Restrooms

Finally, plaintiff argues defendants did not provide ADA-compliant restrooms at Tocumbo and Tierra Caliente. Mem. at 14–15. Specifically, plaintiff claims the configuration of the restroom mirror, sink and door hardware at Tocumbo and of the mirror and doorway at Tierra Caliente violated the ADA. Mem. at 14–15. Plaintiff also contends the restrooms at Tocumbo and Tierra Caliente did not display the International Symbol of Accessibility in violation of the ADA. Mem. at 15.

The record shows several restroom-related ADA violations at Tocumbo and Tierra Caliente. Under the ADA, wall mirrors must be mounted with the bottom edge of the reflective surface no higher than forty inches above the floor. 1991 Standards § 4.19.6; 2010 Standards § 603.3. The bottom edge of the restroom wall mirrors at Tocumbo and Tierra Caliente measured fifty-one and forty-nine inches above the ground, respectively. Meyers Notes Tocumbo; Meyers Notes Tierra Caliente; Meyers Photos at 8, ECF No. 34-10. The ADA requires sinks be mounted with the counter or rim no higher than thirty-four inches above the floor. 1991 Standards § 4.24.2; 2010 Standards § 606.3. The rim of the restroom sink at Tocumbo measured thirty-six inches above the ground. Meyers Notes Tocumbo. ADA-compliant restroom door hardware must have handles and other operating devices that have a shape that is easy to use with one hand and does not require tight grasping, pinching or twisting of the wrist to operate. 1991 Standards §§ 4.13.9, 4.23.2; 2010 Standards §§ 309.4, 404.2.7. The restroom door hardware at Tocumbo is a traditional-style knob, requiring tight grasping and twisting of the wrist to operate. Meyers Notes Tocumbo; Meyers Photos at 7; Johnson Photos at 13; Johnson Decl. ¶ 19. The ADA mandates that all restroom doors have a minimum clear opening of thirty-two inches with the door open ninety degrees, as measured between the face of the door and the opposite stop. 1991 Standards §§ 4.13.5, 4.22.2; 2010 Standards § 404.2.3. In his declaration, plaintiff states the "restroom doorway clear passage width at Tierra Caliente was not wide enough for wheelchair

users." Johnson Decl. ¶ 38. Finally, under the 2010 Standards, when existing restroom facilities do not comply with the ADA's accessibility requirements, or when clustered single user restroom facilities fall under exceptions to those requirements, directional signs including the International Symbol of Accessibility shall indicate the location of the nearest ADA-compliant restroom. 2010 Standards § 216.8. The restrooms at Tocumbo and Tierra Caliente in fact did not display the International Symbol of Accessibility. Johnson Decl. ¶¶ 18, 40; Johnson Photos at 19–20; Meyer Photos at 7.

Defendants do not dispute the presence of the above-listed, well-documented violations. Accordingly, no reasonable factfinder could disagree that defendants did not provide ADA-compliant restrooms at Tocumbo and Tierra Caliente.

5. Readily Removable

Plaintiff points out that repositioning shelves, widening doors, creating accessible parking and installing accessible door hardware and mirrors are among the types of barriers whose removal are defined by regulation as readily achievable. 28 C.F.R. § 36.304(b)(3), (8), (11), (16), (18). Additionally, defendants do not argue that removal of the identified barriers is not readily achievable for lack of financial resources or otherwise, despite having the opportunity to have so argued. *See* Defs.' Statement of Non-Opp'n; Joint Stipulation of Fact Re: Defs.' Financial Wherewithal, ECF No. 31, at 3. Further, defendants admitted in their answer that they, respectively, operate Tocumbo and Tierra Caliente and own the real property on which the businesses are located. Answer ¶¶ 2–19, ECF No. 8. Because the record shows no genuine dispute regarding the existence of the barriers to access identified by plaintiff and whether removal of these barriers is readily achievable, the court will grant plaintiff's motion for summary judgment on the issue of liability under the ADA, except as noted above.

B. Unruh Civil Rights Act Claim

Plaintiff also moves for summary judgement on his Unruh Act claim. The Unruh Act provides that "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of" the Unruh Act. Cal. Civ. Code § 51(f) (footnote omitted). While the ADA does not provide for monetary damages in private suits, the Unruh Act generally authorizes

11

a $4,000 minimum in statutory damages for each occasion on which a plaintiff has been denied full and equal access to a place of public accommodation. *See id.* §§ 52(a), 55.56(a). "A plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Id.* § 55.56(b). Further, to establish a denial of full and equal access a plaintiff must demonstrate he or she "experienced difficulty, discomfort, or embarrassment because of the violation." *Id.* § 55.56(c). A plaintiff, however, "need not prove she suffered actual damages to recover the independent statutory damages of $4,000." *Molski*, 481 F.3d at 731 (citing *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000) (explaining "[t]he statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover")).

Although plaintiff made four visits each to Tocumbo and Tierra Caliente, plaintiff seeks only $4,000 in damages for each establishment, for a total award of $8,000 in Unruh Act statutory damages. Mem. at 18. Defendants do not dispute plaintiff's evidence that he personally encountered the ADA violations described above at both businesses on November 21, 2014, December 4, 2014, December 17, 2014, January 19, 2015 and October 22, 2015. Neither do they dispute plaintiff's statement that he experienced difficulty, discomfort and frustration when he encountered the lack of accessible parking, paths of travel, transaction counters and restrooms at Tocumbo and Tierra Caliente. Johnson Decl. ¶ 41. The court thus concludes plaintiff has established he is entitled to statutory damages for his visits to Tocumbo and Tierra Caliente. Accordingly, the court grants plaintiff's motion for summary judgment on his Unruh Act claim and awards him $8,000 in statutory damages.

IV.     CONCLUSION

As explained above, the court GRANTS plaintiff's motion for summary judgment except as to the alleged California Building Code violations. The court GRANTS plaintiff an injunction ordering defendants to alter their facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA and specifically as

identified above.  The court also awards plaintiff statutory damages in the sum of $8,000 for the access barriers he encountered at Tocumbo and Tierra Caliente.

IT IS SO ORDERED.

DATED:  August 6, 2019.

_____
UNITED STATES DISTRICT JUDGE